CHRISTOPHER G. ACKERMAN AND ELIZABETH ACKERMAN v. THE NORTH JERSEY STREET RAILWAY COMPANY.

Submitted July 6, 1900—Decided November 12, 1900.

1. At common law, in an action by husband and wife for physical injuries received by the wife, the husband could not join in the same suit claims in his own right, even by reason of consequential injuries to him arising from the injury to the wife.

2. Under section 22 of the Practice act (*Gen. Stat., p.* 2536), a count for personal injuries to the husband and his property may be joined with the counts for personal injuries to the wife and for consequential damages to the husband therefrom.
3. *Quære.* Whether claims for injuries arising *ex delicto* wholly disconnected from injuries to the wife may be joined in such a suit as the present one.

On demurrer to the declaration.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *James A. Gordon.*

For the defendant, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. This was an action brought by the plaintiffs, who are husband and wife, for injuries received in a collision of an electric car with the husband's wagon, in which they were both riding. The declaration contains three counts. In the first count the claim is by the wife for damages sustained by her for her personal injuries occasioned by the collision. The second count is a claim by the husband for damages sustained by him by reason of injuries to his wife, in being deprived of the society of his wife, her aid and assistance in the management of domestic affairs, &c. The third count is by the husband for the injury to his wagon, and also for personal injuries sustained by him in the same collision. To this declaration a demurrer was filed. The ground of demurrer is a misjoinder of causes of action.

At common law the husband could not join in the same suit claims in his own right, even by reason of consequential injuries to him arising from an injury to the wife. 1 *Chitly Pl.* 73. In an act passed March 17th, 1855, entitled "An act to simplify the pleading and practice in courts of law," it was enacted in section 13 "That in any action by a husband and his wife for an injury done to the wife, in

respect of which she is necessarily joined as co-plaintiff, it
shall be lawful for the husband to add thereto claims in his
own right arising *ex delicto,* and separate actions brought
in respect to such claims may, by order of the court or a
judge, be consolidated." *Pamph. L.* 1855, *p.* 288. This sec-
tion was re-enacted in the revision of 1874 as section 13 of
the Practice act. *Rev. Stat., p.* 851, ¶ 22.

The contention of the counsel of the defendant is that the
cause of action set out in the last count—namely, personal
injuries to the husband and his property—cannot be joined
with counts for personal injuries to the wife and for con-
sequential damages to the husband therefrom. Hence the
argument is that there is a misjoinder of causes of action.

This section is a transcript of section 40 of the English
Common Law Procedure act of 1852 (15 & 16 *Vict., c.* 76).
4 *Fish. Dig.* 6132. In *Morris* v. *Moore,* 19 *C. B.* (*N. S.*)
359, it was held by the English court that a count for break-
ing and entering the premises of the husband might be joined
with a count by the husband and wife for the assault and
imprisoning of the wife. It was objected on motion in arrest
of judgment that the joinder of these two counts was not
warranted by section 40 of the Common Law Procedure act.
Chief Justice Erle, delivering the opinion of the court, said:
"The words of section 40 are wide enough to embrace this,
and the general tendency of modern legislation is to prevent
such objections." In *Hemstead* v. *Phœnix Gas Light and
Coke Co.,* and *Hemstead and wife* v. *Phœnix Gas Light and
Coke Co.,* 3 *Hurlst. & C.* 745, the first action, which was by the
husband alone, was to recover damages to his house caused
by an explosion of gas therein, whereby his house was injured
and greatly damaged and rendered unfit to be used as a
dwelling-house or place of business, &c. In the second action,
which was by the husband and wife, the complaint was, in
the first count of the declaration, that she was knocked down,
rendered insensible and grievously hurt and bruised, and
wounded, and permanently disabled and incapacitated from
following her usual business or occupation, &c. The second
count was by the husband for the loss of the comfort and

services of his wife and the expenses incurred in nursing her and procuring medical attendance. After pleas and issue joined an application was made to a judge, pursuant to the statute, to consolidate these two actions, and an order to consolidate was made. On an application to the court *in banc* to rescind that order counsel contended that 15 *& 16 Vict., c: 76*, § 40, was not intended to include claims of a husband in his own right other than those which arise consequentially from the injury to the wife; but the court refused the rule, saying that "In the language of the act of parliament there is no such limitation as that contended for, and consequently there will be no rule."

These decisions of the English courts sustain the joinder of the causes of action in this case. The language of the section is precise and comprehensive. To yield to the contention of the defendant it would be necessary to construe the words "claims in his own right arising *ex delicto*" to mean, not what the act says, but claims arising to him in consequence of the injuries sustained by his wife. The words of the statute forbid such a construction. It may be added that there is great propriety in the joinder of causes of action such as there is in this case, where husband and wife sustain injuries by the same accident. It is not necessary to pass upon the question whether claims for injuries arising *ex delicto*, wholly disconnected from injuries to the wife, might be joined in such a suit as the present one.

Judgment on the demurrer for the plaintiff.